IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

HOWARD GLEN TOOLE,

    Petitioner,

v.                                                                              CASE NO. 5:06-cv-00126-MCR-AK

JAMES MCDONOUGH,

    Respondent.
_____/

### REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, Petition for Writ of Habeas Corpus, filed by Howard Glen Toole. Petitioner is incarcerated in Apalachee Correctional Institution, which is located within this District, but all of his grounds for relief involve matters arising from convictions in the Circuit Courts for Coffee and Pike Counties, Alabama, both of which are located within the Middle District of Alabama.

Jurisdiction is therefore appropriate in either this district or in the United States District Court for the Middle District of Alabama, as the districts of confinement and conviction, respectively. 28 U.S.C. § 2241(d).

The district of conviction would appear to be the most convenient for witnesses should an evidentiary hearing be necessary, and therefore, transfer of this cause to the Middle District is appropriate. Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir. 1970) (division of conviction, where witnesses were located, was appropriate venue over division of confinement in challenge

to conviction);  Parker v. Singletary, 974 F.2d 1562, 1582, n. 118 (11th Cir. 1992) (courts should give careful consideration to convenience of witnesses in transferring habeas corpus petitions under § 2241(d)).

It is therefore respectfully **RECOMMENDED** that this case be **TRANSFERRED** to the United States District Court for the Middle District of Alabama for all further proceedings.

**IN CHAMBERS** at Gainesville, Florida, this  **20th**  day of June, 2006.

       s/ A. KORNBLUM
       ALLAN KORNBLUM
       UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**